*1037 OPINION.
Littleton:
As to the question of the application of section 331 of the Revenue Act of 1918 to the computation of this taxpayer’s invested capital, in respect of the assets acquired from the predecessor partnership for stock and notes, we are of the opinion that the determination of the Commissioner that this section prevents the inclusion of the assets thus acquired in invested capital at a greater amount than the cost thereof to the predecessor, less depreciation, was correct. Appeal of Baker, Hamilton & Pacific Co., 2 B. T. A. 1. No evidence was submitted showing that the value determined by the Commissioner upon this basis was incorrect. His action, therefore, in this regard is approved.
For the purpose of the deduction for exhaustion, wear and tear of the depreciable assets acquired by the taxpayer, we have determined the values thereof as of March 1, 1918, from the evidence submitted. At the hearing testimony was given by a broker engaged for about eight years in the purchase and sale of textile mills. This witness was thoroughly acquainted with the condition of the woolen industry in 1918 and with the market value of mills of the character of that acquired by the taxpayer. He testified that in March, 1918, the woolen industry was in a prosperous condition; that mills were operating to their full capacity and allotting goods; that the demand for mills of this character exceeded the supply; and that the mill acquired by the taxpayer was well located, with a good supply of water for manufacturing processes and for auxiliary power, and compared favorably with other mills of that character. He further testified that the market price for mills of this character in March, 1918, depended principally upon their production capacity, and that this plant had 14 sets of cards and was overloomed. Using the prevailing price at that time of $25,000 a set and $500 a loom for 14 extra looms, he valued the assets acquired by the taxpayer at $357,000. The market value of woolen mills advanced subsequent to 1918.
*1038 The taxpayer made an inventory of the buildings, machinery, and equipment on hand at March 1, 1918, and valued the same on the basis of cost of reproduction, less depreciation, at $840,148.77. We can not accept this method of valuation in the absence of proof that the value thus determined was the actual value at March 1, 1918. The evidence submitted, however, shows that the inventory is correct, and it further establishes to the satisfaction of the Board that the actual value of the entire property, including the land and water rights, on March 1, 1918, w,as $357,000. The Commissioner valued the land and water rights at $25,700, and this the taxpayer accepts. The record does not disclose the value which the Commissioner placed upon the buildings, machinery, and equipment. By allocating $25,700 of the total" value of $357,000 to land and water rights, and apportioning the remaining $331,300 to brick and frame buildings, and machinery and equipment, we arrive at the values for the various properties as set forth in the findings of fact, which should be used in computing the deduction for exhaustion, wear and tear.

Order of redetermination will be entered on 10 days’ notice, under Rule 50.